UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JAMES R. PATTERSON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 17-243-DCR |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES PAROLE ) | **MEMORANDUM OPINION** |
| COMMISSION., ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate James R. Patterson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge the October 2016 decision of the United States Parole Commission ("USPC") to revoke his parole from a 1980 federal drug conviction. [Record No. 1] USPC has filed its response. [Record No. 13] Patterson has not filed a reply.

**I.**

Patterson was convicted in April 1980 on federal drug trafficking charges in the Middle District of Florida. He was sentenced to a four-year term of imprisonment following the conviction. Patterson was released to parole in January 1983. However, while on parole, he was convicted on state charges of trespass, battery, battery of a law enforcement officer, and resisting an officer with violence. USPC revoked Patterson's parole in December 1986. [Record Nos. 13-1, 13-2, 13-3]

Patterson was again released to parole by USPC in January 1987. But in January 1988, Patterson was arrested and charged by Florida police with possession of a firearm by a convicted felon, resisting an officer without force, battery of a law enforcement officer, and

-1-

resisting an officer with violence. USPC issued a revocation warrant in light of the criminal charges and Patterson's failure to maintain regular employment. Patterson, however, was conditionally returned to supervision after he was released from state custody pending disposition of the criminal charges. [Record Nos. 13-4 through 13-7]

In September 1990, and while still on parole, state charges were filed against Patterson for possession of a firearm by a convicted felon, credit card fraud, and forgery. His parole officer also notified USPC that Patterson had tested positive for methamphetamines the month before. Patterson was convicted of these state offenses and sentenced to six years imprisonment in March 1991. Based on this conduct, in September 1993, USPC revoked Patterson's parole but recommended reparole after 37 months of imprisonment. Because he had already been in custody for 34 months, Patterson was re-paroled and released in October 1993. [Record Nos. 13-8 through 13-12]

Five months after his release, in February 1994, USPC issued a revocation warrant charging Patterson with failure to maintain regular employment, testing positive for methamphetamines and marijuana, and refusing to participate in the drug aftercare program. Florida police arrested Patterson in August 1994 and charged him with fleeing to elude, driving on a suspended license, attempted murder of a law enforcement officer, battery upon a law enforcement officer, aggravated assault of a law enforcement officer, grand theft auto, possession of a sawed-off shotgun, and resisting without force. The state charges were later dropped after Patterson was convicted on federal charges of being a felon in possession of a firearm and in possession of an unregistered firearm in *United States v. Patterson*, No 8: 94-CR-298-HLA-1 (M.D. Fla. 1994). The federal court imposed a 294-month sentence on those

charges, and USPC issued a supplemental revocation warrant based upon this 1996 federal sentence. [Record Nos. 13-13 through 13-16]

Patterson completed service of the 1996 federal sentence in June 2016, and was taken into custody pursuant to USPC's revocation warrant. Based upon his conduct in 1993 and 1994 for failing to comply with numerous conditions of supervision, as well as his 1996 federal sentence, USPC's Prehearing Assessment concluded that Patterson had an Offense Severity Rating of "4" and a Salient Factor Score ("SFS") of "1," resulting in a re-parole guideline range of 34-44 months imprisonment. However, Patterson had also committed numerous disciplinary offenses in prison for possession of drugs and weapons, resulting in a rescission guideline range of an additional 36-66 months imprisonment. As a result, the aggregate guideline range for Patterson was 70-110 months of imprisonment. [Record No. 13-17]

A USPC Hearing Examiner conducted a parole revocation hearing on September 20, 2016. Patterson was represented by counsel and admitted the facts providing the four grounds for revocation and accepted responsibility for his actions. However, Patterson contended that some of the conduct had occurred years before, and noted his efforts at rehabilitation and vocational programming while incarcerated, as well as his positive relationship with his family. [Record No. 1 at 2-6] Notwithstanding these claims, the Hearing Examiner concluded that Patterson's extensive history of criminal conduct indicated that he posed a greater risk of recidivist conduct than indicated by his aggregate guideline range, and found that good cause existed to recommend that parole be denied and Patterson serve his sentence to its expiration. The USPC adopted that recommendation in its Notice of Action dated October 26, 2016. [Record Nos. 1-1 at 6-9; 13-18; 13-19]

Patterson appealed, contending that USPC's decision to deny parole should be reversed because it engaged in impermissible "double counting" and because its decision was unreasonable in light of the mitigating circumstances presented at the hearing. The National Appeals Board affirmed in March 2017, concluding that no double counting occurred because the SFS is based solely on the number of prior convictions, thus permitting consideration of the nature of the prior offenses as an aggravating factor to warrant an above-guidelines decision. The Board acknowledged that some mitigating factors weighed in Patterson's favor, but also noted aggravating factors such as numerous prison disciplinary convictions, as well as criminal convictions for weapons possession and assault. The Board concluded that USPC's decision was warranted by the evidence and denied relief. [Record Nos. 13-20; 13-21] Patterson's currently projected release date arrives in September 2018. [Record No. 13-1 at 1]; see also https://www.bop.gov/inmateloc/ (last visited on April 27, 2018).

## II.

Patterson's petition before this Court is essentially identical to the appeal filed by his counsel before the NAB and asserts the same claims: that USPC engaged in impermissible "double counting" and it lacked good cause to depart above the guideline range. [Record No. 1 at 6-12]

First, "it is irrational ... for the Commission to confine a prisoner beyond the applicable guideline for the same reason used to select the prisoner's guideline in the first place." *Alessi v. Quinlan*, 711 F. 2d 497, 501 (2d Cir. 1983). Such impermissible "double counting" can occur where the USPC uses the defendant's commission of prior offenses not only to determine his SFS, which is used to establish the presumptive guidelines range, but to use the commission of the same offenses as grounds to depart above that range. *Romano v. Baer*, 805 F.2d 268,

-4-

271 (7th Cir. 1986). USPC correctly noted however, that the SFS itself only counts the *number* of prior convictions, with no consideration given to the *nature* of the offenses themselves. [Record No. 13-19 at 4] Thus, under 28 C.F.R. § 2.20(b), (e), the USPC may permissibly consider the *underlying conduct* involved in the commission of those offenses to depart from the guidelines range. *Stroud v. U.S. Parole Comm'n*, 668 F.2d 843, 847 (5th Cir. 1982) ("Unlike the salient factor score computation which focuses on the number of prior convictions, the panel's primary reason for going beyond the guidelines was the nature of those convictions, establishing a pattern of fraudulent behavior."). The USPC's consideration of the repetitive and violent nature of Patterson's conduct in committing those offenses therefore did not constitute impermissible "double counting."

With respect to Patterson's challenge to USPC's substantive parole determination, Congress expressly vested the responsibility to make such decisions to the discretion of the USPC. *Farkas v. United States*, 744 F.2d 37, 39 (6th Cir. 1984) ("the Parole Commission's substantive decision to grant or deny parole is an action 'committed to agency discretion' under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2), and thus is insulated from judicial review."); *United States v. Addonizio*, 442 U.S. 178, 188 (1979). The scope of judicial review of those determinations is therefore narrowly circumscribed. A federal court reviewing a parole decision may only: (1) satisfy itself that USPC's decision was within its statutory and regulatory authority to act; and (2) ensure that its decision has a rational basis. *Kimberlin v. White*, 7 F.3d 527, 533 (6th Cir. 1993); *Hackett v. United States Parole Comm'n*, 851 F.2d 127, 130 (6th Cir. 1987) ("'[T]he inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.'"). Relief therefore is only warranted if USPC's decision lacked any evidentiary foundation in the record or was

wholly irrational. *Duckett v. Quick*, 282 F.3d 844, 847 (D.C. Cir.), *cert. denied*, 537 U.S. 863 (2002).

The record here reveals that the USPC noted the violent and repetitive nature of Patterson's prior offenses as an aggravating factor weighing against Patterson. However, USPC also considered factors mitigating in his favor in the pre-hearing assessment, the examiner's hearing summary, and the Notice of Action, including his efforts at rehabilitation and vocational training. [Record No. 1-18 through 1-21] In this case, USPC fully reviewed the record and made its determinations in full accord with the applicable regulations. See *Kimberlin v. White*, 7 F. 3d 527 (6th Cir. 1993) (upholding good cause finding for departure based on nature of offense which involved multiple bombings in residential communities). Cf. *Skinner v. Hastings*, No. 05-CV-370-DCR, 2006 WL 2457934, at *6 (E.D. Ky. Aug. 22, 2006). Because USPC's decision was supported by evidence in the record, the Court must deny relief. Accordingly, it is hereby

**ORDERED** as follows:

1. Patterson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED**, with prejudice, and **STRICKEN** from the docket. This 30th day of April, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge